IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY D. RETIC, | ) | |
| | ) | |
| Defendant/Movant, | ) | |
| | ) | |
| v. | ) | Case No. 2:05-CV-920-VEH-TMP |
| UNITED STATES OF AMERICA; | ) | |
| KENNETH L.  JONES, Warden; and | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This is the second time the court has addressed the claims in this case in which it now appears that petitioner seeks *habeas* relief with respect to certain Alabama state convictions he received in 1997 and in 2002.  For the reasons explained below, the court finds that the petition for writ of *habeas corpus must* be denied.

### Procedural History

The procedural history of this case is somewhat complex and confusing.  On May 2, 2005, the court received a pleading from petitioner styled "Motion to Compel."  The court deemed the pleading actually to be filed on April 15, 2005, the date it was delivered to state prison officials for mailing.  Attached to the pleading was a written plea agreement between petitioner, the United States Attorney for the Northern District of Alabama, and the district attorneys for the Jefferson County, Alabama (Birmingham Division), and Jefferson County (Bessemer Division).  The agreement called

for petitioner to plead guilty to certain federal offenses, in return for which he would be sentenced to no more than 360 months in federal custody. The state prosecutors agreed to allow petitioner to plead guilty to certain state criminal offenses in the Jefferson County (Birmingham Division) and be sentence to no more than 30 years in custody concurrent with the federal sentence. It was agreed that the Jefferson County (Bessemer Division) cases would be *nol prossed*. The plea agreement was signed by the parties on April 30, 1997.

The 2005 Motion to Compel named the United States as the only respondent. It explicitly sought to compel the United States to specifically perform the 1997 plea agreement. The United States responded that it had not prosecuted the petitioner, that he has no federal conviction, and that he is not in federal custody. In short, there was no basis for providing petitioner any relief with respect to any federal conviction or sentence.

The court construed the Motion to Compel to be a motion for relief pursuant to 28 U.S.C. § 2255 because the only respondent was the United States, it sought relief specifically from the United States, and it failed to identify any other convictions it sought to attack. The Motion to Compel did not even assert that petitioner was subject to any state convictions or the courts in which such might have occurred. So construed, the Motion to Compel was denied as moot because there was no federal conviction for which the court could grant petitioner relief pursuant to § 2255.

On April 2, 2007, the United States Court of Appeals for the Eleventh Circuit vacated the court's dismissal and remanded the case with instructions that petitioner be allowed to amend the Motion to Compel to state a proper State respondent. The court of appeals instructed this court to treat the Motion to Compel as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Following that instruction, a magistrate judge of the court entered an order on April 4, 2007,

2

directing the petitioner to amend the petition and warning him of the consequences of re-characterizing the motion as a § 2254 *habeas* petition. In response to the court's order, petitioner filed *two* petitions pursuant to § 2254 on May 4, 2007, one challenging convictions in the Birmingham Division of the Jefferson County Circuit Court and the other challenging convictions in the Bessemer Division. In one petition (Doc. 28), petitioner alleges that he pleaded guilty in 1997 in the Birmingham Division to first-degree burglary, second-degree assault, and impersonating a police officer, and was sentenced to a term of life in prison. In the other petition (Doc. 27), petitioner alleges that he pleaded guilty on September 5, 2002, to a charge of first-degree sodomy in the Bessemer Division of the Jefferson County Circuit Court, and was sentenced on April 12, 2005, to 15 years in prison, concurrent with the earlier life sentence. As amended on May 4, 2007, petitioner asserts four interrelated claims: (1) that he was denied due process because he did not get a hearing on whether he breached the 1997 plea agreement, (2) that he was denied due process because the Government has not proven by a preponderance of the evidence that he breached the 1997 plea agreement, (3) that the Government and state prosecutors breached the 1997 plea agreement, and he is entitled to specific performance of it, and (4) that his guilty pleas are invalid because they were the product of a violation of his Fifth Amendment privilege against self-incrimination in that, in reliance of the 1997 plea agreement, he testified and made statements against his penal interest and those statements were used against him.

The respondents, Warden Kenneth Jones and the Attorney General of the State of Alabama, filed their answer to the twin petitions on June 25, 2007, asserting that all claims made in the instant *habeas* petitions are time barred by 28 U.S.C. § 2244(d). They attached copies of various records in the trial courts and on appeal in the court of Alabama. A magistrate judge then entered an order

dated June 26, 2007, notifying the parties that the petitions would be considered for summary disposition and advising petitioner of the procedures and consequences of summary disposition. Petitioner filed his traverse to the respondents' answer on August 6, 2007.[1]  Interestingly, despite the instruction from the Eleventh Circuit that this court should have treated petitioner's Motion to Compel as a § 2254 petition, rather than a § 2255 motion, even petitioner continues to assert that he is seeking a remedy *from the United States.*  In his traverse to the state respondents, he writes:

> This petitioner was looking for the United States Attorney to respond because this is a question of <u>federal law</u>, dealing with a <u>federal plea agreement</u>.  The federal government initiated and signed the plea agreement, then initiated the breach by not prosecuting this petitioner nor seeking a judicial determination of breach on this petitioner's part, and the state attorney can not explain why the United States breached the agreement.  The United States is a named respondent in this petition and should be held to answer for their breach or [sic] the agreement.

## **Background Facts**

Certain facts related by the parties in their respective pleading appear to be uncontroverted. Facing both federal and state charges, petitioner negotiated with the assistance of counsel a four-party plea agreement in April 1997.  That agreement, which is annexed to the original Motion to Compel, called for petitioner to plead guilty to an eight-count information in federal court, charging him with violations of 18 U.S.C. § 924(c) (using a firearm in relation to a drug-trafficking offense) and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute a controlled substance).  In return for the plea, the federal government would recommend that petitioner be sentenced to no more than 360

---

[1]  The clerk actually received the traverse on August 14, 2007, but it appears to have been given to prison officials for mailing on August 6, 2007, and that is the date it is considered filed under the "mailbox rule."  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

months (30 years) in federal custody.  Additionally, petitioner agreed to plead guilty to charges then pending in the Jefferson County Circuit Court (Birmingham Division) in return for a sentence of not more than 30 years, concurrent with the federal sentence.  Finally, the district attorney for the Bessemer Division of the Jefferson County Circuit Court agreed to dismiss four charges then pending against petitioner as long as he cooperated in ongoing federal and state investigations of petitioner's associates.

For reasons not apparent from the record, the anticipated federal information was never filed, and petitioner never entered a plea to a federal charge.[2]  Nevertheless, petitioner continued to cooperate with various investigations, submitting to de-briefings by state and federal law enforcement authorities, and ultimately testifying before the federal grand jury and in four separate capital murder trials.  On November 6, 1998, petitioner entered his guilty plea to the charges then pending in the Birmingham Division of the Jefferson County Circuit Court, pleading guilty to charges of first-degree burglary, second-degree assault, and impersonating a police officer.  Instead of being sentenced to 30 years, as called for by the plea agreement, he was sentenced to life in prison on the burglary charge and tens years on each of the two other charges.  He did not seek to withdraw his guilty pleas, nor did he appeal.

On November 6, 2000, exactly two years after pleading to the charges in the Birmingham Division, petitioner filed a Rule 32 petition, challenging the convictions on several grounds.

---

[2]  The court has examined its own records, and the only criminal matter found involving the petitioner was an arrest warrant and initial appearance on a charge of unlawful flight to avoid prosecution.  In case number 2:96-mj-153-TMP, a complaint was filed and a warrant issued for the petitioner on this charge on August 30, 1996, but the Government moved to dismiss the complaint on January 10, 1997.  The plea agreement at issue was negotiated thereafter and signed on April 30, 1997.

Ultimately the petition was summarily denied in December 2000, and petitioner appealed the denial in the Alabama Court of Criminal Appeals.  On June 22, 2001, the Alabama Court of Criminal Appeals affirmed the denial of Rule 32 relief, finding that his claims of ineffective assistance of counsel were meritless and that his remaining claims were procedurally barred because he did not raise them at trial or on appeal.  The Court of Criminal Appeals denied rehearing on July 22, 2001, and entered a certificate of judgment on October 5, 2001, after petitioner failed to seek *certiorari* in the Alabama Supreme Court.

Also during 2001, petitioner was again indicted on two capital murder charges and sodomy and burglary charges in the Bessemer Division of the Jefferson County Circuit Court.  On September 5, 2002, petitioner reached a plea agreement to dispose of these charges, agreeing to plead guilty to the sodomy charge in return for dismissal of the remaining charges and a sentence of 25 years on the sodomy conviction.  Part of that plea agreement required that, in return for dismissal of the capital murder charges against him, petitioner's sentencing on the sodomy charge was delayed while he continued to cooperate and testify in other capital murder prosecutions.  In fact, according to petitioner, he testified in four other capital murder trials between October 2003 and April 2005, resulting in three convictions and one acquittal.  Then, on April 14, 2005, petitioner was sentenced in the Bessemer Division to *fifteen* years in prison on the sodomy charge to which he had pleaded guilty in 2002.  At the sentencing, petitioner objected to sentencing on the charge, alleging that it was a breach of the original plea agreement reached in 1997.  After his attorney withdrew, petitioner filed his *pro se* notice of appeal on May 25, 2005, which the Alabama Court of Criminal Appeals subsequently dismissed on June 8, 2005, as untimely filed.  There is no indication that petitioner sought *certiorari* in either the Alabama Supreme Court or the United States Supreme Court.

6

Almost a full year later, on June 2, 2006, petitioner filed his state Rule 32 petition, attacking the sodomy conviction and sentence in the Bessemer Division.  After the petition was amended several times, the State filed a motion to dismiss the Rule 32 petition as being untimely filed more than one year after the date the sodomy conviction became final.  The Rule 32 court dismissed the petitioner without any stated opinion on August 25, 2006.  Petitioner appealed that dismissal on September 26, 2006, which the Alabama Court of Criminal Appeals affirmed in a memorandum opinion on January 12, 2007.  The Alabama Supreme Court denied petitioner's application for a writ of *certiorari* on March 9, 2007, and a certificate of judgment was entered that same day.

While much of the foregoing was taking place, petitioner already had filed what became the § 2254 action now pending before the court.  Petitioner filed his "Motion to Compel," raising the issue of the 1997 plea agreement sometime between March 19 and April 15, 2005.[3]  The State Respondents now seek dismissal of the amended § 2254 petition on timeliness grounds under 28 U.S.C. § 2244(d).  The court notified the parties that the petition would be considered for summary disposition, and the petitioner replied to the respondents' answer on August 14, 2008.

## TIMELINESS

---

[3]  The court cannot be any more precise about the filing date.  The motion itself reflects that petitioner signed it before a notary on March 19, 2005, and that might have been the date he delivered it to prison officials for mailing.  Under the "mailbox rule," that would be the date on which it is deemed "filed."  On the face of the motion is a date stamp showing the date of April 15, 2005,  yet the electronic filing date shown for the motion is May 2, 2005.

The respondents raise the issue that the instant petition may not be considered by the court because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1).   An initial question presented by this defense is whether this is one petition asserting claims with respect to multiple convictions, or two separate petitions.  Although the court of appeals remanded this case with instructions that petitioner be given an opportunity to amend "the petition" to name a state respondent, he in fact filed two petitions, one addressing a conviction in the Birmingham Division of the Jefferson County Circuit Court and one addressing a conviction in the Bessemer Division.   The court has previously determined that both filings shall be treated as a single, amended petition for writ of *habeas corpus* raising challenges to separate convictions within the same court.  (See Doc. 26).  Thus, for purposes of assessing the timeliness of the filing of the amended petition under § 2244(d), both filings are treated as a single application for *habeas* relief.

Section 2244(d), enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions.   The one-year limitation runs from the latest of any of four dates, as set forth below:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).  The United States Court of Appeals for the Eleventh Circuit has construed this provision as establishing a single, one-year limitation period for the filing of the entire "application" for *habeas* relief that runs from the latest of the four enumerated dates.  Stated another way, the limitation is not assessed on a claim-by-claim basis, but applied to the entire *habeas* application.  See Walker v. Crosby, 341 F.3d 1240, 1241-42 (11th Cir. 2003).

Recently, citing the Supreme Court decision in Burton v. Stewart, ___ U.S.___, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007), the Eleventh Circuit considered what constituted a "judgment" for purposes of triggering the one-year limitation period.  In Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286 (11th Cir. 2007), the court of appeals concluded that the "judgment" is both the *final conviction and sentence* that results in the confinement of the petitioner.  The facts in Ferreira involved a *habeas* challenge to the underlying conviction several years later, after a resentencing occurred.  Prior to Burton, the court of appeals had held that the judgment of conviction and the sentencing judgment are separate judgments triggering separate one-year limitations under § 2244(d).  Even so, if a *habeas* petition challenged both the underlying conviction *and* the resentencing judgment, the timeliness of the *entire* application would run from the date the later sentencing judgment became final.

9

None of these cases addresses directly the circumstances now before the court: whether, when a petition asserts challenges to two or more "judgments," the one-year limitation runs for all claims and all judgments from the date the *last* state judgment became final, or does each state judgment have its own one-year limitation, even though they are all joined in a single application? Certainly, <u>Walker</u> holds that the § 2244(d) limitation is applied to the "application" as a whole so that, if even a single claim within the application is timely, the entire application is timely. Nonetheless, the explicit statutory language of § 2244(d)(1)(A) ties the triggering of the limitation period to the date the state "judgment" becomes final. Section 2244(d)(1)(A) does not seem to anticipate the possibility that two or more judgments from the same court may be challenged in a single application, as implicitly allowed by Rule 2(e) of the <u>Rule Governing Section 2254 Cases</u>.[4] It would seem, therefore, that under appropriate circumstances, a single petition could include challenges to multiple "judgments," all having different finality dates and all having different limitations periods under § 2254.

The central importance of the concept of the "judgment" was re-emphasized by the Supreme Court in <u>Burton</u>. Although <u>Burton</u> dealt with the question of successiveness, the Eleventh Circuit relied on it in the § 2244(d) limitations case of <u>Ferreira v. Secretary, Dept. of Corrections</u>, 494 F.3d 1286 (11th Cir. 2007), holding there that a "judgment" sufficient to trigger the running of the limitations period had to be consistent with both a conviction and a sentence; no longer would the conviction and sentence be regarded as separate judgments. Unlike "claims" — the legal theories for

---

[4] Rule 2(e) was previously denominated Rule 2(d), the committee comment for which stated, "Subdivision (d) provides that a single petition may assert a claim only against the judgment or *judgments* of a single state court ( i.e., a court of the same county or judicial district or circuit)...." [Italics added].

challenging the validity of a judgment — "judgments" are the final adjudication of criminal liability and punishment for each offense, and the validity of each stands independently of others. *Habeas* attacks are challenges to the validity of the "judgment," and that challenge may or may not be successful, depending upon the "claims" asserted. For this reason, the court finds that, while the timeliness of a petition cannot be assessed on a "claim-by-claim" basis, the language of § 2244(d)(1)(A) requires the court to assess the timeliness of the petition with respect to each "judgment" (as defined in <u>Ferreira</u>) joined in a single application. An application may be timely filed with respect to one "judgment" attacked in it, while untimely with respect to a different "judgment" within the same application.

Turning to the petition in this case, the court believes it is clear that the application is untimely with respect to the 1998 Birmingham Division judgments, while timely with respect to the 2005 Bessemer Division judgment. Petitioner pleaded guilty to and was sentenced to life in prison in the Birmingham Division of the Jefferson County Circuit Court in 1998. He did not appeal, so his convictions became final 42 days later, in late December 1998. He then waited almost two years before filing a post-conviction Rule 32 challenge to the convictions on November 6, 2000. That filing had no tolling effect on the § 2244(d)(1) limitation because, by then, its one-year period had already expired. Thus, petitioner's instant claim that the convictions embodied in the 1998 Birmingham Division judgment are a breach of the 1997 plea agreement is time barred, and has been since late 1999. The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during

those times the petitioner has pending a "properly filed" post-conviction petition in state court.  In this case, petitioner's Rule 32 petition was not filed until October of 2006, more than six months after the 365-day limitation period of § 2244(d) had expired.  Accordingly, he did not have a Rule 32 petition pending during the one-year period, and, when he finally filed his Rule 32 petition, there was nothing left to toll.

The only exception to the time limitation of § 2244(d) may be found in the doctrine of equitable tolling.  The limitation period can be equitably tolled, in addition to any tolling provided by the statute, "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999).  The court has cautioned that equitable tolling is an "extraordinary remedy" that is to be "applied sparingly."   Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)(citing Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)). Other circuits likewise have restricted the use of equitable tolling to instances that are "extraordinary," "rare," and "beyond the control" of the petitioner.  See Wyzykowski v. Department of Corrections, 226 F. 3d 1213, 1216, n.1 (11th Cir. 2000), and cases cited therein.  It is clear that equitable tolling is available only where "extraordinary circumstances" have prevented the timely filing and the movant has been "otherwise diligent."  Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1312-13 (11th Cir. 2001).  Petitioner has offered nothing to allege any basis for equitable tolling of the limitation period.  Accordingly, petitioner's § 2254 challenge to the 1998 Birmingham Division convictions and sentences is due to be dismissed as time barred.

Unlike the convictions and sentences in the Birmingham Division, petitioner's conviction and sentence for sodomy in the Bessemer Division of the Jefferson County Circuit Court did not become

a "judgment" sufficient to trigger the running of the § 2244(d)(1) limitation until he was sentenced in 2005.  By then, petitioner had already filed the "Motion to Compel," asserting the breached 1997 plea-agreement claim, which ultimately became the instant petition.  Thus, his claim that the Bessemer Division conviction and 15-year sentence is a breach of the 1997 plea agreement is not time barred, and the court will consider it on the merits.

## Merits Of Breached Plea Agreement Claim

Even though timely filed, petitioner's claim is meritless on its face.  As recounted above, petitioner contends that the 1997 plea agreement between him, the United States Attorney, and the respective district attorneys for the Birmingham and Bessemer Divisions called for the Bessemer Division to *nol pross* all cases against him in that jurisdiction.  Thus, if a breach occurred, it occurred when the Bessemer Division re-indicted him on capital murder, robbery, and sodomy charges in 2001. *Thereafter*, petitioner entered into what even he calls a "second plea agreement," under which he secured the dismissal of several charges in return for his guilty plea to sodomy.  Further, even though the "second plea agreement" called for a 25-year sentence, he ultimately received only a 15-year sentence in 2005.

In order to prove a claim for a breached plea agreement, the petitioner must allege and show that he was induced to enter a guilty plea by some promise or representation by the prosecutor that has not been fulfilled.  The Eleventh Circuit has said:

> In Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), the Supreme Court stated: "[W]hen a plea rests in any significant degree on a promise or agreement of a prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262, 92 S. Ct. at 499.  "When a prosecutor breaks the bargain, he undercuts the basis for the waiver of constitutional

13

rights implicit in the plea." Id. at 268, 92 S. Ct. at 502 (Marshall, J. concurring in part and dissenting in part). Furthermore, a guilty plea "'must stand unless induced by... misrepresentation (including unfulfilled or unfulfillable promises)....'" Mabry v. Johnson, 467 U.S. 504, 509, 104 S. Ct. 2543, 2547, 81 L. Ed. 2d 437 (1984) (quoting Brady v. United States, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)).

San Pedro v. United States, 79 F.3d 1065, 1068 (11th Cir. 1996). The guilty plea under attack must have been made in reliance on the plea agreement with the prosecutor. See United States v. Al-Arian, 514 F.3d 1184, 1190 (11th Cir. 2008) ("[T]he defendant entered a guilty plea in reliance on the prosecutor's promise not to make a sentencing recommendation."). What makes the breach of a plea agreement a constitutional error is the defendant's reliance on the promises and inducements of the plea agreement in waiving his constitutional rights to trial. Where there is no reliance on the plea agreement, it cannot be said that the defendant has given up his rights in the mistaken belief that he is gaining the benefit of the agreement.

That is precisely the situation here. Although defendant entered into a plea agreement in 1997 calling for the dismissal of all Bessemer Division charges against him, he nonetheless entered his guilty plea to one of those charges in 2002. Certainly, in doing so, petitioner did not rely on that portion of the 1997 agreement requiring the dismissal of all charges against him; he was not induced to enter the plea by the promise that all charges against him would be *nol prossed*. In effect, petitioner waived the alleged breach of the plea agreement and entered a plea to a new agreement negotiated in 2002. His plea was not the product of any mistaken belief that the 1997 plea agreement would protect him against the very charge to which he was pleading.[5]

_____

[5]Having concluded that the breached plea agreement claim is time barred with respect to the 1998 Birmingham Division judgment, the court has no occasion to consider it on the merits. The

14

There being no meritorious claim for breach of the 1997 plea agreement, petitioner is not entitled to any *habeas* remedy.  His assertion of the right to specific performance of the 1997 plea agreement overlooks the fact that specific performance is a method for providing a remedy once a breach has occurred that is detrimental to his constitutional rights.  For the reasons already explained, the alleged breach was not detrimental to his rights exercised in regard to the Bessemer Division sodomy charge, and the court may not address the merits of the claim with respect to the Birmingham Division charges because it is time barred.  Simply put, he is not entitled to any *habeas* remedy on this claim.

Accordingly, the amended petition for writ of *habeas corpus* will be denied and dismissed with prejudice in a separate order.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE and ORDERED this 31st day of March, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

court does note, however, that the merits analysis of the claim relating to the Birmingham Division convictions is more troublesome because the 1997 plea agreement called for the petitioner to plead guilty to those charges in return for a 30-year concurrent sentence, only to receive a life sentence. He may be able to argue more forcefully that his guilty plea in Birmingham *was* induced by the promise of a 30-year sentence.  That is not the case with respect to the Bessemer charge, however, because the plea agreement he purports to rely upon required the complete dismissal of those charges. For the reasons discussed in text, it is illogical to argue that he relied on that plea agreement to enter a guilty plea to a charge the agreement called for dismissing.